**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| TIERRA WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>THE HERTZ CORPORATION,<br><br>Defendant. | Case No. _____<br><br>REMOVED FROM THE THIRD JUDICIAL CIRCUIT COURT OF MICHIGAN, WAYNE COUNTY CASE NO. 17-015253-CD |

### <u>NOTICE OF REMOVAL</u>

In accordance with 28 U.S.C. §§ 1332, 1441 and 1446, Defendant The Hertz Corporation ("Hertz") hereby removes to the United States District Court for the Eastern District of Michigan, Southern Division, the civil action pending against it in the Third Judicial Circuit Court of Michigan, Wayne County.  In support of removal, Hertz states as follows:

### <u>BACKGROUND</u>

1.      On October 19, 2017, Plaintiff Tierra Washington ("Washington") commenced an action against Hertz by filing in the Third Judicial Circuit Court of Michigan, Wayne County a complaint styled as *Tierra Washington v. The Hertz Corporation*, Case No. 17-015253-CD.  (*See* Pl.'s Compl., attached with a summons, as Exhibit A.)  The Complaint seeks relief under the Michigan Civil Rights Act, MCL 37.2101, *et seq.*, including, among other things, a money judgment in excess of "$25,000.00 exclusive of costs, interest and attorney's fees."  (Ex. A at ¶3.)  Hertz received the Complaint by hand delivery on November 29, 2017 (*see* Declaration of H. Williams, attached as Exhibit B at ¶3) and was later formally served with the Complaint by process server and certified mail on December 5, 2017.  (*See* Proofs of Service, attached as Exhibit C.)

2.      On December 20, 2017, Hertz filed a notice of removal, asserting that this Court possessed diversity-of-citizenship jurisdiction.  On December 27, 2017, the Court issued a show-

47487812v.2

cause order, questioning whether the Complaint alleged a sufficient amount in controversy. (*See* Federal Court Orders Served Upon Defendant, attached collectively, as Exhibit D.) On January 8, 2018, the Court remanded the case to state court for want of subject matter jurisdiction. (*Id.*)

3. Since remand, Hertz has served Requests for Admission on Washington. On June 7, 2018, Washington served her Responses to those Requests for Admission.[1] (*See* Pl.'s Resp. to RFAs, attached as Exhibit E.) Those responses now unequivocally establish that diversity-of-citizenship jurisdiction exists, and, accordingly, Hertz submits this Notice of Removal.

## ARGUMENT

**I. Removal Is Proper Under 28 U.S.C. § 1441 Because This Court Has Subject Matter Jurisdiction Under 28 U.S.C. §1332.**

4. This case is removable under 28 U.S.C. § 1441(a) because the Court has original diversity-of-citizenship jurisdiction over this case under 28 U.S.C. § 1332 ("Section 1332"). *See* 28 U.S.C. § 1332(a)(1); 28 U.S.C. § 1441 ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending"). Under the jurisdictional grant found in Section 1332, this Court maintains "original jurisdiction of all civil actions" when two requirements are met: [1] the case "is between citizens of different states . . .," [2] and "the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs." *Id.* (brackets added; original parentheses omitted). Both requirements are satisfied here.

---

[1] Washington served her responses by mail on June 7, 2018. (*See* Ex. E.) Hertz received those responses on or about Saturday, June 9, 2018. (*See id.*)

### A.    The Diversity-of-Citizenship Requirement Is Satisfied.

5.      The parties are citizens of different states.  In her responses to Hertz's requests for admission, Washington admits that she is domiciled in, and is a citizen of, Michigan.  (Ex. E at ¶¶9, 10; *see also* Ex. A ¶¶1, 7.)

6.      Hertz is not a "citizen" of Michigan.  As a corporation, Hertz is deemed a citizen of its state of incorporation and the state of its principal place of business.  *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 1192 (2010).  A corporation's principle place of business refers "to the place where a corporation's officers direct, control, and coordinate the corporation's activities," and "in practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination."  *Id.* (further noting that a corporation's principal place of business is its "nerve center").  Accordingly, for diversity purposes, Hertz is a citizen of Delaware, which is its state of incorporation, and Florida, which is the state where it is headquartered.  (*See* Ex. B at ¶2.)

7.      The parties thus are completely diverse and, because Hertz is not a citizen of the state in which the action was brought, *see* 28 U.S.C. § 1441(b)(2), the "citizenship" component of the removal analysis is satisfied.

### B.    The Amount-In-Controversy Requirement Is Satisfied, As Well.

8.      This case also meets Section 1332's amount-in-controversy requirement.  While Hertz denies any liability as to Washington's claims, the amount-in-controversy requirement is satisfied because, according to Washington's responses to Hertz's requests for admission, Washington is seeking damages in excess of $75,000.  (Ex. E at ¶¶1-5.)  *See also* 28 U.S.C. § 1332(a); 28 U.S.C. § 1446(c)(2).

47487812v.2

9. Because Washington's responses to Hertz's requests for admission now establish that the amount in controversy exceeds $75,000, this case is removable under 28 U.S.C. § 1441 on diversity-of-citizenship grounds. *See* 28 U.S.C. § 1441(a), (b)(2); *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782-83 (7th Cir. 1999) (defendants, whose initial removal of action to federal court had resulted in remand on basis that action did not meet amount in controversy requirement for diversity jurisdiction, could properly remove action for second time after plaintiffs revealed that they sought damages in excess of jurisdictional amount); *Minix v. Kawasaki Motors Corp., U.S.A.*, Case No. 09-90-ART, 2009 WL 2212282, *3 (E.D. Ky July 23, 2009) ("It is well established that if a case is remanded to state court . . . it can be removed a second time if new developments—such as discovery responses—reveal that the amount-in-controversy requirement for diversity jurisdiction is in fact satisfied"); *Lassila v. Werner Co.*, 78 F. Supp. 2d 696, 698 (W.D. Mich. 1999) (same; citing *Fritzlen v. Boatmen's Bank*, 212 U.S. 364, 372 (1909)).

## II.    Hertz Has Satisfied the Procedural Requirements for Removal.

10. This Notice of Removal was timely filed within the thirty days provided under 28 U.S.C. § 1446(b), as Washington served her Responses to Hertz's Request for Admissions by mail on June 7, 2018. (*See* Ex. E.) *See also* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

11. Because this action is brought in the Third Judicial Circuit Court, Wayne County, Michigan, venue for purposes of removal is proper in this Court: under 28 U.S.C. § 102(a)(1), this District and this Division embraces Wayne County, Michigan, the place where the removed action has been pending. *See* 28 U.S.C. § 102(a)(1); 28 U.S.C. § 1441(a).

47487812v.2

12.     In accordance with 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served upon Hertz have been attached as Exhibits A, C, and D.

13.     In accordance with 28 U.S.C. §1446(d), Hertz will promptly provide written notice to Washington and will promptly file a copy of this Notice of Removal with the Clerk of the Court for the Third Judicial Circuit Court, Wayne County, Michigan.

*     *     *

For the foregoing reasons, Defendant The Hertz Corporation files its Notice of Removal, removing this case from the Third Judicial Circuit Court of Michigan, Wayne County, Michigan to the United States District Court for the Eastern District of Michigan, Southern Division and further requests that this Court accept this Notice of Removal and assume jurisdiction over this matter for all further proceedings.

DATED:  July 5, 2018

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ *Joseph A. Donado*
        Joseph A. Donado

Katherine Mendez
kmendez@seyfarth.com
Joseph A. Donado
jdonado@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

**Attorneys for Defendant The Hertz Corporation**

-5-

-6-

## <u>CERTIFICATE OF SERVICE</u>

I, Joseph A. Donado, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **NOTICE OF REMOVAL**, to be served upon the following by email and/or overnight courier on this 5th day of July 2018:

Eric I. Frankie
Attorney for Plaintiff
535 Griswold
Suite 111-542
Detroit, MI 48226
(248) 219-9205

*/s/ Joseph A. Donado*
Joseph A. Donado

47487812v.2

# EXHIBIT A

10:04

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS AND COMPLAINT | 17-015253-CD<br>Hon. Megan Maher Brennan |
|---|---|---|

2 Woodward Ave., Detroit MI 48226          Court Telephone No. 313-224-2444

| **Plaintiff**<br><br>Washington, Tierra | v | **Defendant**<br><br>Hertz |
|---|---|---|
| **Plaintiff's Attorney**<br><br>Eric I. Frankie 47232<br>535 Griswold St Ste 111-542<br>Detroit, MI 48226-3604 | | **Defendant's Attorney** |

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>10/19/2017 | This summons expires<br>1/18/2018 | Court clerk<br>File & Serve Tyler |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☐ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.
☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Place where action arose or business conducted | |

Date ___2/26/12___     Signature of attorney/plaintiff _____ Eric Frankie P47232 _____



If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

THIRD JUDICIAL CIRCUIT
WAYNE COUNTY

PROOF OF SERVICE

17-015255-CD

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | **OR** | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge and belief.

| Service fee $ | Miles traveled $ | Mileage fee $ | Total fee $ |
|---|---|---|---|

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ _____ County, Michigan.
Date

My commission expires: _____      Signature: _____
Date                                            Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

on _____
Day, date, time

on behalf of _____

Signature

KJ

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

TIERRA WASHINGTON
An individual,

        Plaintiff,

v.

HERTZ,
A Michigan for-profit corporation,

        Defendant.

Case No.       -CD
Hon.

17-015253-CD

FILED IN MY OFFICE
WAYNE COUNTY CLERK
10/19/2017 3:53:44 PM
CATHY M. GARRETT

_____/

Eric I. Frankie (P47232)
Attorney for Plaintiff
535 Griswold St., Suite 111-542
Detroit, MI 48226
(248) 219-9205

_____/

**COMPLAINT AND JURY DEMAND**

There is no civil action between these parties arising out of the
same transaction or occurrence as alleged in this Complaint pending
in this Court. There is also no resolved civil action
between these parties arising out of the same transaction or
occurrence as alleged in this Complaint that was brought in
this Court.

Plaintiff Tierra Washington ("Plaintiff") by and through her attorney, Eric I. Frankie, states for

her Complaint against the Defendant Hertz ("Defendant"), as follows:

1.     At all relevant times to this Complaint Plaintiff was a resident of the City of Detroit,

County of Wayne, State of Michigan.

2.     Defendant is a Michigan for-profit corporation duly operating under the laws of the

State of Michigan, doing business in the City of Detroit, County of Wayne, State of Michigan.

1

3. This Court has jurisdiction over this matter pursuant to MCL 37.2801 and MCL 600.605 because this claim is based on the Michigan Civil Rights Act, MCL 37.2101 et seq., and the amount in controversy exceeds $25,000.00 exclusive of costs, interest and attorney's fees.

4. Venue is proper in this Court pursuant to MCL 37.2801.

**GENERAL ALLEGATIONS**

5. Plaintiff restates and re-alleges each and every allegation and statement contained in the above paragraphs as if fully set forth herein.

6. Plaintiff is a twenty-five year old African-American female and mother of two children, ages 4 and 2 years old, respectively.

7. Plaintiff was hired by Defendant on or about June 11, 2017, as a customer service representative.

8. Plaintiff met or exceeded Defendant's employment expectations of her.

9. On or about Sunday, September 3, 2017, Plaintiff was mandated to work on Tuesday, September 5, 2017, the first day of school and of appointments for her children. Defendant advised Plaintiff that if she couldn't cover the September 5th shift she could face discipline. Plaintiff had sufficient time to make arrangements for the care of her children and was able to work on Tuesday, September 5, 2017.

10. On Tuesday, September 12, 2017, Plaintiff worked for Defendant from 2:00 p.m. to 10:00 p.m. At 9:30 p.m., Defendant mandated Plaintiff to continue working until 5:00 a.m. Plaintiff notified Defendant that she could not work the mandated shift because she did not have enough notice to make arrangements for the care of her children.

11. On September 17, 2017, Plaintiff was suspended because she did not accept the mandate on September 12, 2017.

2

12. On September 19, 2017, Plaintiff met with Defendant regarding the suspension and explained to Defendant's representatives that she couldn't do the mandate because she didn't have anyone to watch her children.

13. On September 19, 2017, Defendant terminated Plaintiff because she couldn't and didn't make arrangements for childcare on September 12, 2017, the day she was improperly mandated.

### COUNT I-VIOLATIONS OF THE MICHIGAN CIVIL RIGHTS ACT

14. Plaintiff restates and re-alleges each and every allegation and statement contained in the above paragraphs as if fully set forth herein.

15. The Michigan Civil Rights Act, MCL 37.2101 et seq., prohibits an employer from failing or refusing to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, family status, height, weight or marital status. MCL 37.2202(1)(a).

13. Plaintiff is a member of a protected group because of her gender, female.

14. Plaintiff was terminated by Defendant because of her gender, female, in violation of the Michigan Civil Rights Act, MCL 37.2101 et seq.

15. Defendant has also created a hostile work environment for Plaintiff because of her gender, female.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment against Defendant in whatever amount the trier of fact deems just in excess of Twenty-Five Thousand ($25,000.00) Dollars, together with interest, costs and attorney fees.

### DEMAND FOR JURY TRIAL

Plaintiff, Tierra Washington, by and through her attorney, Eric I. Frankie, hereby demands a Trial by Jury in the above-entitled action or arbitration of her claims as the Court directs.

Respectfully submitted,

3

Dated: October 19, 2017

By:    /s/Eric I. Frankie
           Eric I. Frankie (P47232)
           Attorney for Plaintiff
           535 Griswold, Suite 111-542
           Detroit, MI 48226
           (248) 219-9205

4

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIERRA WASHINGTON,

          Plaintiff,

v.

THE HERTZ CORPORATION,

          Defendant.

Case No. _____

REMOVED FROM THE THIRD
JUDICIAL CIRCUIT COURT OF
MICHIGAN, WAYNE COUNTY
CASE NO. 17-015253-CD

## DECLARATION OF HOPE WILLIAMS

I, Hope M. Williams, declare as follows:

1. I am employed by The Hertz Corporation ("Hertz"), the Defendant in the above-captioned action, as a Human Resources Business Partner. I make this declaration in support of Hertz's Notice of Removal From the Third Judicial Circuit Court of Michigan, Wayne County, to the United States District Court for the Eastern District of Michigan, Southern Division. I have personal knowledge of the facts set forth herein, and if called upon to testify, I could and would do so competently.

2. In my role as a Human Resources Business Partner, I am familiar with the corporate structure of Hertz. Hertz is a Delaware corporation and maintains its corporate headquarters at 8501 Williams Road, Estero, Florida.

3. Hertz received a copy of the Complaint by hand delivery on November 29, 2017.

4. In my role as a Human Resources Business Partner, I am familiar with Tierra Washington's employment with, and separation from, Hertz.

5. While Ms. Washington was employed with Hertz, she was compensated at a rate of $10.15 per hour. In addition, if Ms. Washington would have been an employee on November 1, 2017, she would have received a retroactive wage increase to $11.00 per hour, applicable to all hours worked from May 1, 2017 forward.

43219225v.1

6.     I have reviewed payroll records relating to Ms. Washington's employment.   While employed with Hertz, Ms. Washington worked an average of 43.6 hours per week on average during the eight (8) complete weeks that she worked with the company (and not including the two incomplete pay periods she worked [1] during the week she was hired and [2] during the week she was terminated).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of December 2017.

Hope M. Williams

-3-

# EXHIBIT C

 CT Corporation

**Service of Process Transmittal**
12/05/2017
CT Log Number 532417336

TO:     Carolyn Fry
        The Hertz Corporation
        8501 Williams Rd
        Estero, FL 33928-3325

RE:     **Process Served in Michigan**

FOR:    The Hertz Corporation  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | TIERRA WASHINGTON, etc., Pltf. vs. Hertz, etc., Dft. *Name discrepancy noted.* |
| DOCUMENT(S) SERVED: | Summons, Proof, Complaint |
| COURT/AGENCY: | Wayne County - 3rd Circuit Court, MI Case # 17015253CD |
| NATURE OF ACTION: | Employee Litigation |
| ON WHOM PROCESS WAS SERVED: | The Corporation Company, Plymouth, MI |
| DATE AND HOUR OF SERVICE: | By Process Server on 12/05/2017 at 10:04 |
| JURISDICTION SERVED : | Michigan |
| APPEARANCE OR ANSWER DUE: | Within 28 days after receipt |
| ATTORNEY(S) / SENDER(S): | Eric I Frankie 535 Griswold, Suite 111-542 Detroit, MI 48226 248-219-9205 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 12/06/2017, Expected Purge Date: 12/11/2017 |
| | Image SOP |
| | Email Notification,  Carolyn Fry  cfry@hertz.com |
| | Email Notification,  Laura Zepp  lzepp@hertz.com |
| | Email Notification,  Bianca Giavazzi  bianca.giavazzi@hertz.com |
| SIGNED: | The Corporation Company |
| ADDRESS: | 40600 ANN ARBOR RD E STE 201 Plymouth, MI 48170-4675 |
| TELEPHONE: | 213-337-4615 |

Page 1 of  1 / AK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process
Transmittal**
12/05/2017
CT Log Number 532417431

TO:     Carolyn Fry
        The Hertz Corporation
        8501 Williams Rd
        Estero, FL 33928-3325

RE:     **Process Served in Michigan**

FOR:    The Hertz Corporation  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | TIERRA WASHINGTON, etc., Pltf. vs. Hertz, etc., Dft. |
| DOCUMENT(S) SERVED: | Letter, Summons, Certificate, Complaint |
| COURT/AGENCY: | Wayne County - 3rd Circuit Court, MI<br>Case # 17015253CD |
| NATURE OF ACTION: | Employee Litigation - Discrimination |
| ON WHOM PROCESS WAS SERVED: | The Corporation Company, Plymouth, MI |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 12/05/2017 postmarked on 12/01/2017 |
| JURISDICTION SERVED : | Michigan |
| APPEARANCE OR ANSWER DUE: | Within 28 days |
| ATTORNEY(S) / SENDER(S): | Eric I. Frankie<br>535 Griswold St., Suite 111-542<br>Detroit, MI 48226<br>248-219-9205 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 12/06/2017, Expected Purge Date: 12/11/2017 |
| | Image SOP |
| | Email Notification,  Carolyn Fry  cfry@hertz.com |
| | Email Notification,  Laura Zepp  lzepp@hertz.com |
| | Email Notification,  Bianca Giavazzi  bianca.giavazzi@hertz.com |
| SIGNED:<br>ADDRESS:<br><br>TELEPHONE: | The Corporation Company<br>40600 ANN ARBOR RD E STE 201<br>Plymouth, MI 48170-4675<br>213-337-4615 |

Page 1 of  1 / KP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT D**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIERRA WASHINGTON,

        Plaintiff,

v.

THE HERTZ CORPORATION,

        Defendant.

_____/

Case No. 2:17-cv-14117

HON. STEPHEN J. MURPHY, III

## <u>ORDER TO SHOW CAUSE</u>

Defendant removed the case to federal court and alleged that the Court has diversity jurisdiction. Diversity jurisdiction requires complete jurisdiction between the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. Because the Court has concerns about whether there is a sufficient amount in controversy, the Court orders Defendant to show cause why the case should not be remanded.

The complaint states that the amount in controversy "exceeds $25,000." ECF 1-1, PgID 14. Consequently, Defendant has the burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). Although the Court has not drawn a final conclusion, it appears Defendant has not discharged its burden. Federal jurisdiction in a diversity case is determined at the time of removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)). And, here, Defendant concedes that only $5,992.80 in damages had accrued at the time of removal. ECF 1, PgID 4. Defendant therefore appears to be about $69,000 short of invoking the Court's jurisdiction.

1

Case 2:17-cv-14117-SJM-RSW ECF No. 5 filed 12/27/17 PageID.38 Page 2 of 2

Defendant attempts to bridge the gap by alleging that Plaintiff could be entitled to back pay and front pay. But it is unclear how consideration of future damages is consistent with the principle that jurisdiction should be determined at the time of removal—especially given that "all doubts should be resolved against removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006)). And even if consideration of future damages was proper, the projections here are speculative. First, Defendant cites an unpublished opinion for the proposition that a back-pay award would extend until the end of trial and then projects the duration of the case without referencing data specific to the type of claims and facts presented here. Second, Defendant states that Plaintiff was subject to a pay raise, effective retroactively, without further explanation. Finally, Defendant does not address whether Plaintiff is currently employed (or is likely to be employed in the future) and how her compensation in a new job would reduce Defendant's projected damages.

**WHEREFORE** it is hereby **ORDERED** that, no later than 10 days from the date of this order, Defendant shall show cause why the case should not be remanded to state court.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 27, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 27, 2017, by electronic and/or ordinary mail.

s/ David Parker
Case Manager

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIERRA WASHINGTON,

        Plaintiff,

v.

THE HERTZ CORPORATION,

        Defendant.

Case No. 2:17-cv-14117

HON. STEPHEN J. MURPHY, III

_____/

## ORDER REMANDING CASE

In December 2017, the Court issued an order requiring Defendant to show cause for why the case should not be remanded to state court. Defendant failed to respond, and the Court construes the failure as a concession that Defendant cannot invoke federal jurisdiction.

**WHEREFORE**, it is hereby **ORDERED** that the case is **REMANDED** to the Third Judicial Circuit Court of Michigan, Wayne County.

**SO ORDERED.**

        s/ Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: January 8, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 8, 2018, by electronic and/or ordinary mail.

        s/ David Parker
        Case Manager

1

Case 2:17-cv-12111-SJM-APP  ECF No. 1-1  PageID.24  Filed 07/05/18  Page 24 of 33

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIERRA WASHINGTON,

        Plaintiff,

v.

THE HERTZ CORPORATION,

        Defendant.

_____/

Case No. 2:17-cv-14117

HON. STEPHEN J. MURPHY, III

## ORDER DENYING DEFENDANT'S MOTION FOR RELIEF [9]

In October 2017, Plaintiff filed suit and alleged a violation of the Michigan Civil Rights Act. ECF 1-1. A few months later, Defendant removed the case and invoked the Court's diversity jurisdiction. ECF 1. Due to concerns about whether federal subject-matter jurisdiction was proper, the Court ordered Defendant to show cause within 10 days why the case should not be remanded. ECF 5.

The tenth day fell on January 6, 2018, and the docket sheet indicated in bold, red font: "Show Cause Response Due 1/6/2018." Defendant did not file a response by the deadline, and the Court remanded the case due to a lack of subject-matter jurisdiction.

Defendant then filed a motion for relief and argued that it had until January 8, 2018 to respond pursuant to Federal Rule of Civil Procedure 6.[1] Defendant's position is understandable, but any ambiguity is resolved by the bold, red font on the docket sheet that states "Show Cause Response Due 1/6/2018." And Defendant's citation to *Franklin v. EAN Tr.*, No. 4:10CV-00072, 2012 WL 12996184 (W.D. Ky. Sept. 4, 2012) is inapposite

---

[1] Plaintiff did not file a response, and the Court finds that a hearing is unnecessary.

1

Case 2:17-cv-14117-SJM-RSW ECF No. 11 filed 03/06/18 PageID.100 Page 2 of 2

because there is not a discrepancy between the court order and the docket sheet: the tenth day was the same date listed on the docket sheet.

Regardless, the Court does not have jurisdiction to review the present motion for relief. Congress has mandated that orders remanding cases are "not reviewable on appeal or otherwise." 28 U.S.C. § 1447. The Court's remand "immediately restore[d] state jurisdiction and immediately discontinue[d] federal jurisdiction." *Anthony Marano Co. v. Sherman*, 925 F. Supp. 2d. 864, 865 (E.D. Mich. 2013). Consequently, any jurisdiction the Court had to consider the case pursuant to the notice of removal is divested and Congress has prohibited the Court from exercising any collateral jurisdiction to review the remand. That is why a federal court "in effect possesses no action in which reconsideration [, or here relief,] can occur." *Id.*

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion for Relief [9] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 6, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 6, 2018, by electronic and/or ordinary mail.

s/ David Parker
Case Manager

2

2

# EXHIBIT E

2

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

TIERRA WASHINGTON
An individual,

       Plaintiff,

v.

HERTZ,
A Michigan for-profit corporation,

       Defendant.

Case No. 17-015253-CD
Hon.

_____/

| | |
|---|---|
| Eric I. Frankie (P47232) | William E. Altman |
| Attorney for Plaintiff | The Murray Law Group, P.C. |
| 535 Griswold St., Suite 111-542 | Attorneys for Defendant |
| Detroit, MI 48226 | 31780 Telegraph Rd., Ste. 200 |
| (248) 219-9205 | Bingham Farms, MI 48025-3469 |
| | (248) 540-8019 |

_____/

## PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSIONS

Plaintiff Tierra Washington ("Plaintiff") by and through her attorney, Eric I. Frankie, states for her Responses to Defendant Hertz ("Defendant")'s First Set of Requests for Admissions, as follows:

**REQUEST NO. 1:**

Admit that you seek in excess of $75,000.00 in damages in this matter.

**ANSWER:**

Admitted.

**REQUEST NO. 2:**

Admit that you intend to seek in excess of $75,000.00 in damages in this matter.

**ANSWER:**

Admitted.

1

**REQUEST NO. 3:**

Admit that you believe that you have suffered in excess of $75,000.00 in damages as a result of the conduct alleged in the Complaint.

**ANSWER:**

Admitted.

**REQUEST NO.4:**

Admit that your total alleged damages in this matter exceed $75,000.00.

**ANSWER:**

Admitted.

**REQUEST NO. 5:**

Admit that your total sought-after damages in this matter exceed $75,000.00.

**ANSWER:**

Admitted.

**REQUEST NO. 6:**

If you denied any one, or more, of the Requests for Admission set forth in Requests Nos. 1-5 above, admit that you will not seek damages in excess of $75,000.00 in this matter.

**ANSWER:**

Denied.

**REQUEST NO.7:**

If you denied any one, or more, of the Requests for Admission set forth in Requests Nos. 1-5 above, admit that you waive any amount of damages entered in this lawsuit in excess of $75,000.00.

**ANSWER:**

Denied.

**REQUEST NO. 8:**

If you denied any one, or more, of the Requests for Admission set forth in Requests Nos. 1-5 above, admit that you will not accept any award of damages in excess of $75,000.00 in this lawsuit.

**ANSWER:**

Denied.

**REQUEST NO. 9:**

Admit that you are domiciled in Michigan.

**ANSWER:**

Admitted.

**REQUEST NO. 10:**

Admit that you are a citizen of the State of Michigan.

**ANSWER:**

Admitted.

**REQUEST NO. 11:**

Admit that, at the time of your termination, you were a probationary employee.

**ANSWER:**

Denied.

**REQUEST NO. 12:**

Admit that, on Tuesday, September 12, 2017, you refused to work mandatory overtime.

**ANSWER:**

Denied.

**REQUEST NO. 13:**

Admit that you were terminated because you did not comply with Defendant's mandatory overtime policy.

**ANSWER:**

3

Denied.

**REQUEST NO. 14:**

Admit that, during your employment with Hertz, you never complained to your supervisor about a hostile work environment.

**ANSWER:**

Denied.

**REQUEST NO. 15:**

Admit that, during your employment with Hertz, you never complained to your supervisor that you were harassed on account of your gender, female.

**ANSWER:**

Denied.

**REQUEST NO. 16:**

Admit that, during your employment with Hertz, you never complained to Hertz Human Resources personnel about a hostile work environment.

**ANSWER:**

Denied.

**REQUEST NO. 17:**

Admit that, during your employment with Hertz, you never complained to Hertz Human Resources personnel that you were harassed on account of your gender, female.

**ANSWER:**

Denied.

**REQUEST NO. 18:**

Admit that, during your employment with Hertz, you never complained to Hertz management personnel about a hostile work environment.

4

**ANSWER:**

Denied.

**REQUEST NO. 19:**

Admit that, during your employment with Hertz, you never complained to Hertz management personnel that you were harassed on account of your gender, female.

**ANSWER:**

Denied.

**REQUEST NO. 20:**

Admit that violation of Hertz's mandatory overtime policy is grounds for termination.

**ANSWER:**

Denied.

**REQUEST NO. 21:**

Admit that , during your employment with Hertz, you never heard your supervisor say anything that could be construed as direct or indirect evidence of discrimination against you on account of your gender, female.

**ANSWER:**

Denied.

**REQUEST NO.22:**

Admit that you have no evidence that Hertz's reason for your termination (your refusal to work mandatory overtime) is not true.

**ANSWER:**

Denied.

**REQUEST NO. 23:**

Admit that the document attached hereto as Exhibit A is a true and correct copy of the "Employee Rules and Regulations" that you received from Hertz.

**ANSWER:**

Denied.

**REQUEST NO. 24:**

Admit that you electronically acknowledged receipt of the document attached hereto as Exhibit A on or about July 7, 2017 at 12:47 p.m.

**ANSWER:**

Denied.

**REQUEST NO. 25:**

Admit that you have no evidence that Hertz's reason for your termination (your refusal to work mandatory overtime) is not true.

**ANSWER:**

Denied.

**REQUEST NO. 26:**

Admit that you were hired by Hertz on or about July 11, 2017, as a customer service representative.

**ANSWER:**

Denied.

Respectfully submitted,

Dated: June 7, 2018

By:_____/s/Eric  I. Frankie_____
Eric I. Frankie (P47232)
Attorney for Plaintiff
535 Griswold, Suite 111-542
Detroit, MI 48226
(248) 219-9205

6

## PROOF OF SERVICE

I, Eric I. Frankie, certify that on June 7, 2018, the foregoing instrument and this Proof of Service were served on William E. Altman at the Murray Law Group, P.C., 31780 Telegraph Road, Suite 200, Bingham Farms, by first class mail, postage fully prepaid in the City of Berkley, State of Michigan.

_____/s/Eric I. Frankie (P47232)_____

7